# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| SAN JUAN OIL COMPANY INC. | * | CASE NO. 15-09593 EAG |
| | * | |
| DEBTOR | * | CHAPTER 11 |

*********************************************

## SUPPLEMENT TO:
## PLAN OF REORGANIZATION
## DATED: AUG 24, 2016 (Docket No. 75)

## WITH SHORTNED NOTICE OF FOURTEEN (14) DAYS TO OBJECT

TO THE HONORABLE COURT:

COMES NOW, the above captioned Debtor, as debtor in possession herein (the "Debtor"), through its undersigned legal counsel, who very respectfully states and prays as follows:

### I. PROCEDURAL BACKGROUND

1. On December 1, 2015, Debtor filed its voluntary petition for relief under the provisions of the Chapter 11 of the Bankruptcy Code, and since that date has been managing his affairs and operating its business as debtor-in-possession pursuant to 11 U.S.C. § 1107 and 1108 (Docket No. 1).

2. On August 29, 2016, Debtor filed the Chapter 11 Disclosure Statement and Plan of Reorganization (Dockets No. 74 & 75)

3. The hearing on approval of Debtor's Disclosure Statement was held on November 18, 2016. On November 23, 2016, this Honorable Court entered Order approving the Disclosure Statement and scheduled the Hearing on confirmation of the Plan of Reorganization for February 17, 2017 at 9:30 a.m. (Docket No. 85 & 87)

4.     On April 21, 2016, the Department of Treasury of Puerto Rico ("Treasury") filed proof of claim #12 in the total amount of $48,285,375.35, of which $25,840.42 was claimed as secured, $45,618,174.60 as priority debt and $2,641,360.33 as a general unsecured debt.

5.     On January 13, 2017, the Debtor filed an objection to the secured portion of POC No. 12 and asserted that said portion should considered a general unsecured claim. (Docket No.96)

6.     On February 15, 2017, the Court filed an Order granting Debtor's objection to POC No. 12. (Docket No. 112)

7.     On February 16, 2017, the Department of Treasury filed a *Motion to Set Aside Order and Treasury Answer to Debtor's Objection to POC No. 12*. (Docket No. 116) Within said motion the Department of Treasury stated, among other things, that an amended proof of claim was to be filed that will lower the secured amount previously claimed.

8.     On February 17, 2017, Treasury Department filed Amended Proof of Claim No. 12-2. Within POC No. 12-2 Treasury claims a secured portion in the amount of $12,497.33.

9.     Accordingly, at the Confirmation hearing held on February 17, 2017, the Court concluded that although it would set aside the Order granting the objection to POC No. 12, upon the filing of the Amended POC No. 12-2, all motions filed regarding this matter became moot. (Docket No. 122)

10.    Notwithstanding, at the confirmation hearing the Debtor and the junior secured creditor affected by the POC No. 12-2 to wit, Best Petroleum Corporation, stated to be in agreement with the reduced amounts claimed as secured within POC No. 12-2. (Docket No. 122)

11. As such, and to conform the Plan of Reorganization at docket no. 75 to this new procedural development, the Debtor informed that a supplement to the Plan was required to be filed to acknowledge and clarify Treasury's secured status and right to collect under POC No. 12-2. (Docket No. 122)

12. At the Confirmation hearing the Court stated that said supplement to the plan would be subject to a reduced objection timeframe.

13. In an effort to obtain the confirmation of the Plan of Reorganization, the Debtor hereby supplements the Plan of Reorganization at docket no. 75 for the following purposes:

> i. To supplement the treatment of the Class 5 of the Plan of Reorganization regarding the treatment provided to Treasury Department to acknowledge and clarify this creditor's secured status and right to collect under POC No. 12-2.

**II. SUPPLEMENTAL INFORMATION TO PLAN OF REORGANIZATION**

> i. *<u>Supplement to the description of Treasury's POC No. 12-2</u>*

14. In the Article II A.5 of the Plan of Reorganization, Debtors detailed the following information regarding Treasury's POC No. 12:

> "On the other end, within POC No. 12, the Puerto Rico's Department of Treasury claims some portions which relate to a special tax imposed over the real property located in the Commonwealth of Puerto Rico. The principal and interest portions within POC NO. 12 which relate to this special real state tax are in the amount of $25,840.42. The Department of Treasury purports to hold a secured interest over certain real properties of the estate pursuant to a statutory lien."

15. Debtors have reviewed this section and taking into consideration the filing of the Amended POC No. 12-2 states that said portion of the Plan should be supplemented.

16. **Accordingly, here forth Article II A.5 of the Plan of Reorganization should be understood and supplemented to state as follows:**

> "On the other end, within **_POC No. 12-2_**, the Puerto Rico's Department of Treasury claims some portions which relate to a special tax imposed over the real property located in the Commonwealth of Puerto Rico. The principal and interest portions within **_POC No. 12-2_** which relate to this special real state tax are in the amount of **_$12,497.33_**. The Department of Treasury purports to hold a secured interest over certain real properties of the estate pursuant to a statutory lien."

### ii. _Supplement the Treatment of the Class 5 in the Article II B.5 of the Plan of Reorganization as it Relates to the Department of Treasury_

17. In the Article II B.5 of the Plan of Reorganization, Debtors detailed the following information regarding Treasury's POC No. 12:

> _"Tax Lien claimed by the PR Treasury Department:_
>
> _To the extent that the real properties over which this portion of the Department of Treasury's claim is fully encumbered by a senior mortgage now due to Best Petroleum, there is no value secured in favor of the P.R. Treasury Department. Thus, upon the transfers of the two commercial properties (gas service stations) located at Salinas and Santa Isabel to secured creditor Best Petroleum, as detailed in Class 4 of the Plan, no cash dividend will be provided by the estate nor by Best Petroleum, to the P.R. Treasury Department on account of this alleged tax lien. Upon Order to be entered by the Court approving the property transfers to Best Petroleum, the tax liens will be expunged and removed from the Puerto Rico Property Records in which this real property is referenced. Any dividend under Treasury's claim under this Class will be provided under Class 6._
>
> _This class is impaired, and its vote for the Plan will be accounted for within the General Unsecured Class 6."_

18. Debtors have reviewed this section and taking into consideration the filing of the Amended POC No. 12-2 states that said portion of the Plan regarding the treatment of this claim

should be supplemented.

19. **Accordingly, here forth Article II B.5 of the Plan of Reorganization should be understood to state as follows**:

> *"Tax Lien claimed by the PR Treasury Department:*
>
> *According to the transfer of the properties from the Debtor to Best Petroleum Corporation, as detailed in the Stipulation for Plan of Reorganization and Transfer of Property at Docket No. 117 which is pending to be approved, no cash dividend will be provided from estate funds to Treasury Department for the secured amounts claimed within POC No. 12-2 by means of this Plan of Reorganization.*
>
> *Notwithstanding, upon confirmation of the Plan of Reorganization as Supplemented and, upon the transfer of the properties as stipulated on Docket No. 117, the Department of Treasury will retain unaltered is secured lien and/or legal mortgage. Accordingly, notwithstanding the intended transfer of the properties to Best Petroleum free and clear, Treasury's superior lien will survive said transfer with its lien unaffected.*
>
> *Upon the materialization of the transfer of the real properties, Best Petroleum will assume the obligation of providing payment for this secured portion of POC No. 12-2."*

**WHEREFORE**, Debtor prays this Honorable Court to take notice of this Supplement to the Plan of Reorganization and; if no objections are timely filed within the next fourteen (14) days, to file an Order of Confirmation of the Plan dated August 24, 2016 at Docket No. 75, as supplement.

RESPECTFULLY SUBMITTED.

In Guaynabo, Puerto Rico this 23nd day of February 2017.

**NOTICE- <u>SHORTENED NOTICE UPON COURT'S ORDER</u>**

Within **fourteen (14) days** after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerks office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY:** That on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to **Carmen Priscilla Figueroa Bell, Esq.**, (Attorney for CRIM) at cfigueroa@crimpr.net; **Luis C. Marini Biaggi, Esq.** (Attoney for Banco Popular de PR) at luis.marini@oneillborges.com; **Gabriel Olivera Dubón, Esq.** (Attorney for Banco Popular de PR) at gabriel.olivera@oneillborges.com. **Juan C. Salichs Pou, Esq.** (Attorney for Scotiabank de PR) at jsalichs@splawpr.com; **Juan Manuel Suarez Cobo, Esq.** (Attorney for Todly Group Inc.) at suarezcobo@gmail.com; **Carolina Velaz-Rivero, Esq**. (Attorney for Banco Popular de PR) at carolina.velaz@oneillborges.com; **Jose A. Cepeda Rodriguez, Esq**. (Attorney for Peerless Oil & Chemicals, Inc.) at cepedapr@cepedalaw.com, **Migda L. Rodriguez Collazo Esq**. (Attorney for PR Treasury Department) at bankruptcyjusticia.gobierno.pr@gmail.com, **José A. Cepeda Rodríguez, Esq**. (Attorney for Peerless Oil & Chemicals Inc.) at cepedapr@cepedalaw.com; **María Mercedes Figueroa y Morgade, Esq.** (Attorney for Best Petroleum Corp.) at

figueroaymorgadelaw@yahoo.com, **Monsita Lecaroz, Esq.,** (US Trustee Office) at ustpregion21.hr.ecf@usdoj.gov; and to the participants appearing in said record.

**I HEREBY CERTIFY**: That on this same date, a true and correct copy of the foregoing Supplement of Disclosure Statement and Plan of Reorganization, has been hand delivered to the United States Trustee, and mailed by first class service to those parties that, in writing, have requested copy of said document, as ordered by the Court.

*Lugo Mender Group, LLC*
Attorneys for Debtor
100 Carr. 165 Suite 501
Guaynabo, P.R. 00968-8052
Tel.: (787) 707-0404
Fax: (787) 707-0412

*/S/ Alexis A. Betancourt Vincenty*
Alexis A. Betancourt Vincenty
USDC-PR 301304
a_betancourt@lugomender.com